■ JOYCE ALVINO et al., Appellants, v COUNTY OF NASSAU et al., Defendants, and VILLAGE OF FREEPORT, Respondent. [613 NYS2d 23] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their stipulation dated December 18, 1992, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated September 10, 1992, as granted the motion of the defendant Village of Freeport for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleged that the day after a snow storm on Thanksgiving Day, November 23, 1989, the plaintiff Joyce Alvino was severely injured when she slipped and fell on an icy sidewalk while attempting to climb into a bus operated by the Metropolitan Suburban Bus Authority. The accident occurred in an area known as Station Plaza North, where the defendant Village of Freeport was apparently responsible for snow removal. It is undisputed that no written notice of the icy condition was provided to the Village pursuant to the requirements of CPLR 9804, Village Law § 6-628 and Village of Freeport Code § 27-3. The plaintiffs contend that no such notice was required because the Village intentionally decided not to remove the accumulated snow and ice in order to avoid holiday pay to its snow removal crews. However, the plaintiffs have submitted no evidence that the Village made any such decision, other than an affidavit by the plaintiff Joyce Alvino, in which she infers such a decision from the fact that snow fell on Thanksgiving Day and was not removed from the sidewalk the next morning. This inference was contravened by Ms. Alvino's testimony at her examination before trial that the street adjacent to the sidewalk where she fell had been partially plowed prior to her accident.

In any event, even were the plaintiffs' allegations true, a municipality bears no liability for nonfeasance with regard to snow removal, absent written notice of the condition pursuant to statutory notice requirements, or personal inspection of or work on the subject site by appropriate municipal officers (see, Grant v Incorporated Vil. of Lloyd Harbor, 180 AD2d 716; Ferris v County of Suffolk, 174 AD2d 70; Palkovic v Town of Brookhaven, 166 AD2d 566; Buccellato v County of Nassau, 158 AD2d 440; Kirschner v Town of Woodstock, 146 AD2d 965). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.