■ ROBERTO OLMEDO et al., Plaintiffs, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant and Third-Party Plaintiff-Respondent. NATIONAL CLEANING CONTRACTORS DIVISION, NATIONAL KINNEY CORPORATION, Third-Party Defendant; W.J. BARNEY CORPORATION, Third-Party Defendant-Appellant; BURGESS STEEL PRODUCTS CORPORATION, Third-Party Defendant-Respondent. [681 NYS2d 347] —In an action to recover damages for personal injuries, etc., the second third-party defendant W.J. Barney Corporation appeals from an order of the Supreme Court, Kings County (Garson, J.), dated June 4, 1997, which denied its motion, in effect, for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents, Port Authority of New York and New Jersey and Burgess Steel Products Corporation, the motion is granted, the second third-party complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining second third-party defendant is severed.

The plaintiff Roberto Olmedo was allegedly injured while working as a mechanic at the World Trade Center for the third-party defendant National Cleaning Contractors Division, National Kinney Corporation. At the time of the accident, he was running a chain hoist, which was connected to a trolley, down a track on an I-beam suspended from the ceiling in order to repair the broken head gasket on a compressor. Because the stop which normally was at the end of the track had been removed, the chain hoist came off the end of the track and hit the injured plaintiff in the head. The appellant W.J. Barney Corporation (hereinafter Barney), which was brought into this action by the Port Authority of New York and New Jersey (hereinafter the Port Authority), had a contract with the Port Authority to maintain, service, manage, and repair the area of the World Trade Center where the accident occurred.

In support of its motion, Barney supplied deposition testimony indicating that it had never worked on the I-beam. Deposition testimony of a subcontractor, the respondent Burgess Steel Products Corporation, indicated that it had removed and replaced the I-beam. Thus, Barney established prima facie entitlement to summary judgment (*see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Alvarez v Prospect Hosp.,* 68 NY2d 320,

324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). The injured plaintiff's deposition testimony that some unidentified workers told him that Barney employees were working in the area of his accident was inadmissible hearsay and insufficient to defeat a motion for summary judgment (*see, Zuckerman v City of New York, supra*). Similarly, no violations of a nondelegable duty under the Labor Law have been alleged and the provisions in the contract between Barney and the Port Authority do not furnish the basis for imposing such liability (*see, Tompkins v Port of N. Y. Auth.,* 217 AD2d 269; *Tambasco v Norton Co.,* 207 AD2d 618; *Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991). Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.