■ SALLY SMITH, Appellant, v LENNY LESLIE, Respondent. [704 NYS2d 612] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated March 11, 1999,

which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered April 14, 1999, which dismissed the complaint. The plaintiff's notice of appeal from the order is also deemed a notice of appeal from the judgment (*see,* CPLR 5512 [a]):

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff slipped and fell on an allegedly icy walkway of the defendant's residence in Brentwood, New York. A party in possession of real property may be held liable for a hazardous condition created on the premises as a result of an accumulation of snow and ice during a storm only after the lapse of a reasonable period of time for taking protective measures after the storm (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Mangieri v Prime Hospitality Corp.,* 251 AD2d 632; *Jefferson v Long Is. Coll. Hosp.,* 234 AD2d 589). Contrary to the plaintiff's contention, the defendant established as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562) that there was continuing precipitation at the time of the accident by offering the plaintiff's testimony that there had been snow, hail, and freezing rain conditions all day. In opposition, the plaintiff submitted unverified, unsworn climatological reports of conditions existing at John F. Kennedy International Airport, two counties away from the defendant's residence. These submissions were insufficient to raise a triable issue of fact regarding the weather conditions in Brentwood at the time of the accident. Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.