■ ANN LEVINE, Respondent, v AVON GREEN, INC., et al., Appellants, et al., Defendants. [733 NYS2d 716] —In an action to recover damages for personal injuries, the defendants Avon Green, Inc., and Darcey Associates appeal from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated November 16, 2000, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on snow on the defendants' property. In her complaint and bill of particulars the plaintiff alleged that her fall occurred on March 19, 1994, a day following a snowstorm, and that the defendants were negligent in failing to clear the accumulated snow from their property. The defendant Avon Green, Inc. (hereinafter Avon), the owner of the property, and the defendant Darcey Associates (hereinafter Darcey), the property manager, moved for summary judgment, contending that they were not negligent because the accident actually occurred on March 18, 1994, while the snowstorm was still in progress, and therefore, liability could not attach for any failure to clear the snow (*see generally, Smith v Leslie,* 270 AD2d 333; *Wall v Village of Mineola,* 237 AD2d 511). The Supreme Court properly denied their motion.

Although Avon and Darcey submitted evidence that called into question the accuracy of the plaintiff's recollection regarding the date of her accident, that evidence was insufficient to demonstrate, as a matter of law, that the accident occurred on March 18, 1994. Accordingly, Avon and Darcey failed to establish, prima facie, their entitlement to summary judgment (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851), and their motion was properly denied. S. Miller, J. P., Friedmann, Adams and Cozier, JJ., concur.