■ LILLIAN JONES, Respondent, v CITY OF NEW YORK et al., Respondents, NEIL DEVITA et al., Appellants, et al., Defendant. [735 NYS2d 573] —In an action to recover damages for personal injuries, the defendants Neil DeVita and Stephen DeVita appeal, as limited by their brief, from so much of an order of the

Supreme Court, Queens County (Flug, J.), dated March 15, 2001, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff-respondent, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff slipped and fell on a sidewalk in front of premises owned by the defendant Neil DeVita. Her theory of liability, as set forth in her verified complaint, was that the appellants had been negligent in "allowing a water drain pipe located on [the] premises to spill water onto the public sidewalk" which created a hazardous condition when the water subsequently turned to ice.

In support of their motion, the appellants submitted, *inter alia*, the plaintiff's testimony at a hearing conducted pursuant to General Municipal Law § 50-h wherein she acknowledged that she "really" didn't know what caused her to fall. In addition, the plaintiff acknowledged at her examination before trial that she did not see any ice on the sidewalk at the time of the occurrence. The foregoing evidence established a prima facie case that the accident was not proximately caused by any negligence of the appellants (*see,* CPLR 3212 [b]).

The evidence which the plaintiff submitted in opposition to the appellants' motion failed to raise a triable issue of fact (*see,* CPLR 3212 [b]). Indeed, in view of the plaintiff's testimony that a light snow had begun to fall just before the occurrence and her submission of meteorological records establishing that a light snow had been falling for several hours, it would require impermissible speculation to conclude that the accident resulted from any negligence of the appellants (*see, Trainor v Dayton Seaside Assocs. No.* 3, 282 AD2d 524). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.