■ ERVIN EIDLISZ et al., Appellants, v VILLAGE OF KIRYAS JOEL et al., Respondents. [755 NYS2d 422] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated March 28, 2002, as granted those branches of the respective motions of the defendant Howell's Lawn Service, Inc., and the defendant Village of Kiryas Joel, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The injured plaintiff slipped and fell on a snow- and ice-covered sidewalk in the defendant Village of Kiryas Joel. The defendant Howell's Lawn Service, Inc. (hereinafter Howell's), performed snow removal operations upon the express request of the Village pursuant to a contract.

The Supreme Court properly granted Howell's motion for summary judgment dismissing the complaint insofar as as-

serted against it. Howell's owed no duty to the injured plaintiff since the snow removal contract was not a comprehensive and exclusive property maintenance obligation intended to displace the Village's duty, as landowner, to safely maintain the premises (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Grau v Taxter Park Assoc.,* 283 AD2d 551 [2001]; *Pavlovich v Wade Assoc.,* 274 AD2d 382 [2000]). In addition, the plaintiffs failed to establish that Howell's snow-removal activities created or exacerbated a hazardous condition (*see Espinal v Melville Snow Contrs., supra* at 142; *Grau v Taxter Park Assoc., supra* at 552).

Further, the grant of summary judgment to the Village was proper since the Village established that it had no prior written notice of the snow and ice condition, and the plaintiffs failed to provide any evidence to the contrary (*see* CPLR 9804; Village Law § 6-628; *Alvino v County of Nassau,* 204 AD2d 583, 584 [1994]).

The plaintiffs' remaining contentions are not properly before this Court, as they were never raised before the Supreme Court (*see Mann v All Waste Sys.,* 293 AD2d 656, *lv denied* 98 NY2d 610 [2002]; *First Nationwide Bank v Goodman,* 272 AD2d 433, 434 [2000]).

In light of our determination, Howell's remaining contention has been rendered academic. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.