■ JAMES O. CRAWFORD et al., Appellants, v HOME DEPOT, INC., Doing Business as HOME DEPOT, Respondent. [758 NYS2d 369] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 19, 2002, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated January 6, 2003, which, upon the order, dismissed the complaint. The notice of appeal from the order is deemed also to be a premature notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the or-

der are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff James O. Crawford was injured when he slipped and fell on an accumulation of snow and ice on the sidewalk adjacent to the defendant's store. A property owner is not liable for injuries as a result of the accumulation of snow and ice on his or her premises unless the property owner has had a reasonable time after the cessation of the storm to ameliorate the dangerous condition (*see Smith v Leslie,* 270 AD2d 333, 334 [2000]). Moreover, a property owner has no duty to remove the accumulated snow and ice while the precipitation is ongoing (*see Trainor v Dayton Seaside Assoc. No. 3,* 282 AD2d 524 [2001]). Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]) by establishing through admissible evidence that the ice and snow upon which the injured plaintiff slipped was part of an accumulation from an ongoing storm. In response, the plaintiffs did not raise a triable issue of fact (*see Smith v Leslie, supra*). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Altman, J.P., Smith, McGinity and Crane, JJ., concur.