■ PHYLLIS PALOPOLI et al., Respondents, v CITY OF NEW YORK et al., Appellants. [759 NYS2d 169] —In an action to recover damages for personal injuries, etc., the defendant Cheng Zhong Cai appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated July 11, 2002, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendant City of New York separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it. Justice Florio has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

Each defendant made out a prima facie case for summary judgment. The injured plaintiff slipped and fell while walking on a public sidewalk abutting the property of the defendant Cheng Zhong Cai during an ongoing snowstorm. The defendant City of New York was under no duty to remove snow and ice from the subject sidewalk during the storm (*see Taylor v New York City Tr. Auth.,* 266 AD2d 384 [1999]). Moreover, the plaintiffs' assertion that the injured plaintiff slipped on preexisting ice from a prior snowstorm is based upon pure speculation and therefore is insufficient to raise a triable issue of fact (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972 [1994]; *Bernstein v City of New York,* 69 NY2d 1020 [1987]).

Additionally, an owner of real property is under no obligation to remove snow and ice that naturally accumulates upon the sidewalk that abuts his or her property and liability will not result unless it is shown that the owner made the sidewalk

more hazardous through negligent removal of the snow (*see Grillo v Brooklyn Hosp.*, 280 AD2d 452 [2001]; *Arzola v Doneca*, 272 AD2d 422 [2000]). The plaintiffs failed to establish the existence of any triable issue of fact with respect to their claim that the defendant owner made the sidewalk more hazardous by removing the snow in front of his premises (*see Lakhan v Singh*, 269 AD2d 427 [2000]; *Tosov v C & B Venture Corp.*, 261 AD2d 535 [1999]).

Accordingly, the Supreme Court should have granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Florio, J.P., Feuerstein, McGinity and H. Miller, JJ., concur.