■ MARGUERITE GAITAN, Respondent, v REGIONAL MAINTENANCE CORP., Appellant, et al., Defendant. (And a Third-Party Action.) [774 NYS2d 416]—

In an action to recover damages for personal injuries, the defendant Regional Maintenance Corp. appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered June 18, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff slipped and fell on a combination of ice, water, and snow in the parking lot of her employer. Thereafter, the plaintiff commenced this action against, among others, the appellant Regional Maintenance Corp., which had a snow removal maintenance contract with the plaintiff's employer.

The Supreme Court should have granted the appellant's motion since the appellant "assumed no duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its contractual duty to remove snow from the subject premises" (*DeCurtis v T.H. Assoc.*, 241 AD2d 536, 537 [1997]; *see Pavlovich v Wade Assoc.*, 274 AD2d 382 [2000]). The contract between the appellant and the plaintiff's employer was not a comprehensive and exclusive contract which displaced the employer's duty as a landowner to maintain the premises in a

reasonably safe condition (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Eidlisz v Village of Kiryas Joel*, 302 AD2d 558 [2003]). Furthermore, contrary to the plaintiff's assertion, there was no evidence that the appellant "launched a force or instrument of harm" and thus created or exacerbated a hazardous condition (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139 [2002]; *Cochrane v Warwick Assoc.*, 282 AD2d 567, 568 [2001]; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457 [2001]; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825 [1995]).

In light of our determination, we need not reach the appellant's remaining contention. Goldstein, J.P., H. Miller, Adams and Cozier, JJ., concur.