■ CHRISTOPHER NOBLES, Appellant, v PROCUT LAWNS LANDSCAPING AND CONTRACTING, INC., Respondent. [776 NYS2d 878]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated April 11, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant's motion for summary judgment was properly granted. The defendant did not assume a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its snow removal contract with the plaintiff's employer (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]). The defendant's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace the employer's duty as a landowner to safely maintain the property (*see Eidlisz v Village of Kiryas Joel,* 302 AD2d 558 [2003]). In addition, there is no evidence that the plaintiff detrimentally relied on the defendant's performance or that the defendant's actions had advanced to such a point as to have launched a force or instrument of harm (*see Pavlovich v Wade Assoc.,* 274 AD2d 382 [2000]).

The plaintiff's remaining contention is improperly raised for the first time on appeal and has not been considered (*see Eidlisz v Village of Kiryas Joel, supra; Mann v All Waste Sys.,* 293 AD2d 656 [2002]; *Matter of DelGaudio v Aetna Ins. Co.,* 262 AD2d 641 [1999]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 247 AD2d 475, 476 [1998]). Altman, J.P., Goldstein, Adams and Crane, JJ., concur.