■ MELISSA SCOTT, Appellant, v SOLVEIGH BERGSTOL et al., Defendants, and MR. K's SERVICES, INC., Respondent. [783 NYS2d 617]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated June 12, 2003, which granted the motion of the defendant Mr. K's Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on ice on a sidewalk that was located on property leased by the United States Postal Service. The United States Postal Service had retained the defendant Mr. K's Services, Inc. (hereinafter Mr. K), to engage in snow removal work at the premises.

The Supreme Court properly granted Mr. K's motion for summary judgment. In response to Mr. K's demonstration of its entitlement to judgment as a matter of law, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

A limited contractual understanding to provide snow removal services generally does not render the contractor liable for the personal injuries sustained by third parties (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Boddie v New Plan Realty Trust,* 304 AD2d 693 [2003]; *Baratta v Home Depot USA,*

303 AD2d 434 [2003]). Moreover, there is no evidence that Mr. K "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168 [1928]; *see Eidlisz v Village of Kiryas Joel,* 302 AD2d 558 [2003]). Altman, J.P., Florio, Mastro and Fisher, JJ., concur.