ROSEMARY McCONOLOGUE, Appellant, v SUMMER STREET STAMFORD CORPORATION, Doing Business as SARAKREEK MANAGEMENT PARTNERS, et al., Respondents. [792 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 23, 2004, as granted the motion of the defendant Summer Street Stamford Corporation, doing business as Sarakreek Management Partners, for summary judgment dismissing the complaint insofar as asserted against it and the separate motion of the defendant Dutchess Blacktop Sealing, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly slipped and fell on black ice in a parking lot owned by the defendant Summer Street Stamford Corporation, doing business as Sarakreek Management Partners (hereinafter Sarakreek). Pursuant to a written snow removal contract, Dutchess Blacktop Sealing, Inc. (hereinafter Blacktop), performed snow removal services on the premises. At the time of the accident, the weather was cold and rain was falling. The Supreme Court granted the respective motions of the defendants for summary judgment, and we affirm.

A party in control of real property may not be held liable for accidents occurring as a result of a hazardous condition created on the premises because of an accumulation of snow or ice unless an adequate period of time has passed following the cessation of the storm to permit the party to remedy the condition (*see Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Crawford v Home Depot*, 304 AD2d 605, 606 [2003]; *Gam v Pomona Professional Condominium*, 291 AD2d 372 [2002]; *Trainor v Dayton Seaside Assoc. No. 3*, 282 AD2d 524 [2001]). Since a storm was in progress at the time of the accident and the icy condition developed during the ongoing storm, Sarakreek cannot be held liable for failing to remedy the alleged icy condition in the parking lot.

Blacktop cannot be held liable for the plaintiff's injuries since it did not assume a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its snow removal contract with Sarakreek (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Pavlovich v Wade Assoc.*, 274 AD2d 382 [2000]). The evidence also failed to show that Blacktop "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]), and thus created or exacerbated a hazardous condition, or that the plaintiff detrimentally relied on Blacktop's continued performance of its contractual duties (*see Gaitan v Regional Maintenance Corp.*, 6 AD3d 495, 496 [2004]; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]; *Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]). Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.