■ FRANK MALDONADO, Appellant, v NOVARTIS PHARMACEUTICALS CORPORATION, Defendant, and DAVID MACKENZIE LANDSCAPING et al., Respondents. (And a Third-Party Action.) [795 NYS2d 759]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated September 17, 2003, as granted the motion of the defendants David MacKenzie Landscaping and David MacKenzie for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of the third-party defendant, American Building Maintenance Company of New York (hereinafter ABM), which had contracted with the defendant property owner, Novartis Pharmaceuticals Corporation (hereinafter Novartis), to perform maintenance services on the premises, alleges that he sustained serious injuries when he slipped and fell on snow and ice on a grassy area surrounding a storm drain on the premises.

The defendants David MacKenzie Landscaping and David MacKenzie (collectively hereinafter MacKenzie), established their prima facie entitlement to judgment as a matter of law by demonstrating that their snow removal contract with Novartis did not give rise to a duty of care to the plaintiff. In opposition, the plaintiff failed to demonstrate that MacKenzie's snow re-

moval contract with Novartis was an exclusive and comprehensive property maintenance obligation displacing Novartis's duty to safely maintain the premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Nobles v Procut Lawns Landscaping & Contr., Inc.*, 7 AD3d 768 [2004]; *Eidlisz v Village of Kiryas Joel*, 302 AD2d 558 [2003]; *Grau v Taxter Park Assoc.*, 283 AD2d 551 [2001]). The plaintiff also failed to establish that MacKenzie's snow removal activities created or exacerbated the allegedly dangerous condition (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Espinal v Melville Snow Contrs., supra* at 142; *Eidlisz v Village of Kiryas Joel, supra* at 559). Therefore, the plaintiff failed to raise a triable issue of fact to defeat the motion, and the Supreme Court properly granted summary judgment to MacKenzie. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.