■ ALBERT KATZ et al., Appellants, v PATHMARK STORES, INC., et al., Respondents. [796 NYS2d 176]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Vaughan, J.), dated October 8, 2003, which granted the motion of the defendants Pathmark Stores, Inc., SMG-II Holdings, L.P., and Supermarkets General Corporation for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated November 24, 2003, which granted the separate motion of the defendant Executive Cleaning Contractors, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed, with one bill of costs.

The defendants Pathmark Stores, Inc., SMG-II Holdings, L.P., and Supermarkets General Corporation established their prima facie entitlement to judgment as a matter of law by submitting admissible evidence that they did not create or have notice of the allegedly dangerous condition upon which the injured plaintiff slipped and fell (*see Carminati v Roman Catholic Diocese of Rockville Ctr.*, 6 AD3d 481 [2004]). In opposition, the plaintiffs offered mere speculation as to the origin of the allegedly dangerous condition and the length of time it existed prior to the injured plaintiff's accident. Thus, they failed to raise a triable issue of fact (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 974 [1994]; *Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]; *Palopoli v City of New York*, 305 AD2d 388 [2003]).

The defendant Executive Cleaning Contractors, Inc. (hereinafter Executive), also established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Boddie v New Plan Realty Trust*, 304 AD2d 693, 694 [2003]). Moreover, there was no evidence that Executive created or exacerbated a hazardous condition (*see Espinal v Melville Snow Contrs., supra* at 142; *Mitchell v Fiorini Landscape, Inc.*, 284 AD2d 313, 314 [2001]). H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.