■ Anita Reagan, Respondent, v Hartsdale Tenants Corp. et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. E.J.'s Landscaping, Inc., Third-Party Defendant-Respondent. [813 NYS2d 153]—

In an action, inter alia, to recover damages for negligence, the defendants third-party plaintiffs, Hartsdale Tenants Corp. and Westfair Property Management, Inc., appeal, from an order of the Supreme Court, Westchester County (LaCava, J.), entered February 3, 2005, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint and denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with one bill of costs to the third-party defendant payable by the appellants, and one bill of costs to the appellants payable by the plaintiff, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The third-party defendant, E.J.'s Landscaping, Inc. (hereinafter E.J.), established its prima facie entitlement to summary judgment dismissing the third-party complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by demonstrating, inter alia, that it did not assume a duty of reasonable care to the plaintiff (*see Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Katz v Pathmark Stores, Inc.*, 19 AD3d 371 [2005]), and that the plaintiff's injuries were not attributable to acts solely within the E.J.'s province (*see Franklin v Omni Sagamore Hotel*, 5 AD3d 348, 349 [2004]; *Mitchell v Fiorini Landscape*, 284 AD2d 313, 314 [2001]). In response, the plaintiff, Anita Reagan, and the defendants third-party plaintiffs, Hartsdale Tenants Corp. (hereinafter Hartsdale) and Westfair Property Management, Inc. (hereinafter Westfair), failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, summary judgment should also have been granted to Hartsdale and Westfair, which respectively owned and managed the property where the accident occurred. At approximately 10:00 A.M. on the date of the occurrence, the plaintiff and her husband entered their automobile at their designated parking space, and they observed no ice and experienced no problems with any icy or slippery condition at that time. It snowed during the day. The plaintiff testified that the snow changed over later

to sleet and rain and continued nonstop during the return drive to their home, where she and her husband arrived at approximately 8:30 P.M. The car was parked in the same space as had been used in the morning. The accident occurred when the plaintiff exited the vehicle and slipped on what her husband described as black ice.

A party in control of real property may not be held liable for accidents occurring as a result of a hazardous condition because of an accumulation of snow or ice unless an adequate period of time has passed following the cessation of the storm to permit the party to remedy the condition (*see McConologue v Summer St. Stamford Corp.*, 16 AD3d 468, 469 [2005]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Crawford v Home Depot*, 304 AD2d 605, 606 [2003]; *Gam v Pomona Professional Condominium*, 291 AD2d 372 [2002]). Hartsdale and Westfair were entitled to summary judgment, as the uncontested facts demonstrate that the icy condition was a product of an ongoing storm.

While the plaintiff alleged that the icy condition was caused by snow melting from prior storms that re-froze based upon the location of nearby snowbanks and the grade of the parking spaces, her theory in this regard, given the admitted weather conditions on the date of the accident, was impermissible speculation, insufficient to defeat Hartsdale and Westfair's entitlement to summary judgment (*see Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]; *Jones v City of New York*, 289 AD2d 452, 453 [2001]; *Trainor v Dayton Seaside Assoc. No. 3*, 282 AD2d 524, 525 [2001]). The plaintiff's expert's affidavit as to the origin of the ice was likewise speculative and conclusory, and therefore insufficient (*see Schrader v Sunnyside Corp.*, 297 AD2d 369, 371 [2002]), as a close reading of the affidavit reveals that it merely addressed general conditions in the vicinity rather than the origin of the specific ice on which the plaintiff fell. Florio, J.P., Miller, Spolzino and Dillon, JJ., concur.