■ THOMAS DEMARTINO, Respondent, v HOME DEPOT U.S.A., INC., et al., Respondents, and SJS CONSTRUCTION COMPANY, INC., Appellant. [831 NYS2d 236]—

In an action to recover damages for personal injuries, the defendant SJS Construction Company, Inc., appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered August 22, 2006, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and for severance of the action insofar as asserted against the remaining defendants.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant SJS Construction Company, Inc., and for severance of the action insofar as asserted against the remaining defendants is granted.

The plaintiff allegedly tripped and fell in a pothole in a parking lot owned by the defendant Home Depot U.S.A., Inc. (hereinafter Home Depot). Pursuant to a written maintenance contract, the defendant SJS Construction Company, Inc. (hereinafter SJS), would perform asphalt repairs in the Home Depot parking lot when notified by the Home Depot to make such repairs.

SJS established, prima facie, its entitlement to summary judgment. The contract between Home Depot and SJS was not comprehensive and exclusive. As such, SJS did not entirely displace Home Depot's duty to maintain the premises in a reasonably safe condition by virtue of its limited maintenance contract with Home Depot (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Bracco v Puntillo Ltd. Partnership*, 19 AD3d 624 [2005]; *Gaitan v Regional Maintenance Corp.*, 6 AD3d 495 [2004]; *Eidlisz v Village of Kiryas Joel*, 302 AD2d

558, 559 [2003]). In addition, even though there were prior repairs made in the vicinity, the evidence failed to show that SJS made any prior repairs where the plaintiff fell, thereby creating or exacerbating a hazardous condition, or that the plaintiff detrimentally relied on the continued performance of SJS's contractual duties (*see McConologue v Summer St. Stamford Corp.*, 16 AD3d 468, 469 [2005]; *Gaitan v Regional Maintenance Corp., supra* at 496; *Eidlisz v Village of Kiryas Joel, supra* at 559; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]). The opposition papers failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying SJS's motion. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.