■ MARION BUROKER et al., Respondents, v COUNTRY VIEW ESTATE CONDOMINIUM ASSOCIATION, INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [864 NYS2d 468]—

In an action to recover damages for personal injuries, etc., the defendants Country View Estate Condominium Association, Inc., and Sound View Property Management, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated June 7, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, Marion Buroker, allegedly slipped and fell on ice and snow on a sidewalk within a complex owned by the defendant Country View Estate Condominium Association, Inc., and managed by the defendant Sound View Property Management, Inc. (hereinafter collectively the defendants), in Middle Island. "In slip-and-fall cases involving snow and ice, a property owner is not liable unless he or she created the defect, or had actual or constructive notice of its existence" (*Gil v Manufacturers Hanover Trust Co.*, 39 AD3d 703, 704 [2007]).

Here, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the defendants submitted, inter alia, an expert affidavit to establish that, on the date of the accident, there was no snow or ice present where the injured plaintiff fell, and thus they did not have notice of a dangerous ice and snow condition. The expert allegedly reviewed climatological data gathered from other towns, but his affidavit was insufficient to establish, prima facie, that there was no snow or ice on the ground in Middle Island (*see Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849, 851-852 [2007]; *Calix v New York City Tr. Auth.*, 14 AD3d 583, 584 [2005]; *Howard v J.A.J. Realty Enters.*, 283 AD2d 854, 855-856 [2001]). Under the circumstances here, the defendants failed to establish, prima facie, that they did not have actual or constructive notice of the allegedly dangerous condition. Since the defendants failed to meet their initial burden, we need not review the sufficiency of the plaintiffs' opposition papers (*see*

*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 852 [1985]). Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur. [*See* 2007 NY Slip Op 31635(U).]