■ GEORGE GEORGOTAS, Appellant, v LARO MAINTENANCE CORPORATION et al., Respondents. (And a Third-Party Action.) [865 NYS2d 651]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated February 13, 2007, as granted the motion of the defendant DeBenedittis Landscaping, Inc., for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the cross motion of the defendant Laro Maintenance Corporation which was for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate motion of the defendant Parkview Landscaping Co. pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court correctly granted the motion of the defendant DeBenedittis Landscaping, Inc. (hereinafter DeBenedittis), for summary judgment dismissing the complaint insofar as asserted against it and correctly granted that branch of the cross motion of the defendant Laro Maintenance Corp. (hereinafter Laro) which was for summary judgment dismissing the complaint insofar as asserted against it. A contractor or subcontractor's limited contractual undertaking to provide snow removal services generally does not give rise to a duty of care to persons not a party to the contract, absent evidence that the contractor or subcontractor assumed a comprehensive maintenance obligation, created or exacerbated a dangerous condition or launched a force or instrument of harm, or that the plaintiff detrimentally relied on the contractor's continued performance of its obligation (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]; *Baratta v Home Depot USA*, 303 AD2d 434, 434-435 [2003]). Here, the defendants Laro and DeBenedittis established, prima facie, that they did not assume a comprehensive and exclusive maintenance obligation at the premises. The contract between the property owner and Laro expressly provided that it was nonexclusive and that the owner's on-site property manager was to oversee various aspects of snow-removal operations and other maintenance work. In opposition, the plaintiff failed to raise a triable issue of fact demonstrating that Laro or DeBenedittis assumed a comprehensive maintenance obligation giving rise to a duty of care to third parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396, 397 [2006]; *Mahaney v Neuroscience Ctr.*, 28 AD3d 432, 433 [2006]; *Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 673-674 [2004]; *Torella v Benderson Dev. Co.*, 307 AD2d 727, 728 [2003]).

Laro and DeBenedettis also made a prima facie showing that they did not create or exacerbate a dangerous condition or launch a force or instrumentality of harm, and the plaintiff failed to raise a triable issue of fact in opposition to that showing. There was no evidence that these defendants performed snow-removal work in the area where the plaintiff fell (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 139; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413-414 [2007]; *Mahaney v Neuroscience Ctr.*, 28 AD3d at 434; *Katz v Pathmark Stores, Inc.*, 19 AD3d 371, 372 [2005]; *Maldonado v Novartis Pharms. Corp.*, 18 AD3d 720, 721 [2005]; *Zabbia v Westwood, LLC*, 18 AD3d 542, 544 [2005]; *Gaitan v Regional Maintenance Corp.*, 6 AD3d 495, 496 [2004]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.