■ JENNIFER KAEHLER-HENDRIX, Appellant, v JOHNSON CONTROLS, INC., et al., Respondents. [871 NYS2d 359]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated May 31, 2007, as granted that branch of the motion of the defendants Johnson Controls, Inc., and Johnson Controls World Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and granted those branches of the cross motion of the defendants Lewis Landscaping, Ltd., and William R. Lewis, doing business as Lewis Landscaping, Ltd., and the separate cross motion of the defendant Snow Management Group, which were for the same relief.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Johnson Controls, Inc., and Johnson Controls World Services Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting

therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendants Johnson Controls, Inc., and Johnson Controls World Services, Inc., to the plaintiff, and one bill of costs payable by the plaintiff to the defendants Lewis Landscaping, Ltd., William R. Lewis, doing business as Lewis Landscaping, Ltd., and Snow Management Group.

On February 19, 2003 at 6:15 A.M. the plaintiff, an employee of IBM, arrived for work at IBM's East Fishkill facility. While the weather was clear and cold, there were approximately four to six inches of snow on the ground as a result of a blizzard two days earlier, which had resulted in an accumulation of more than eight inches of snow. The plaintiff exited her car, carrying a backpack over her right shoulder, a grocery bag in her right hand, and a cup of coffee in her left hand and, as she began walking toward the building on the roadway, she fell on what she identified as ice, allegedly sustaining injuries. Although the parking spaces had snow on them, the driving lane between the spaces had been plowed.

The plaintiff commenced the instant action to recover damages for her personal injuries against Johnson Controls, Inc., and Johnson Controls World Services, Inc. (hereinafter together the Johnson defendants), the companies responsible under contract for maintaining the IBM premises, Snow Management Group (hereinafter Snow), the company contracted by Johnson to perform snow removal services, and Lewis Landscaping, Ltd., and William R. Lewis, doing business as Lewis Landscaping, Ltd. (hereinafter the Lewis defendants), the companies subcontracted by Snow to actually remove snow and ice from the IBM premises.

Following discovery, the Johnson defendants moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against them on the ground that they neither created or caused the icy condition, nor had actual or constructive notice of the icy condition. The Lewis defendants and Snow separately cross-moved for summary judgment, among other things, dismissing the complaint insofar as asserted against them on the ground that they owed no duty of care to the plaintiff and were not negligent. The Supreme Court, inter alia, awarded the defendants summary judgment dismissing the complaint. We modify.

Ordinarily, the breach of a contractual obligation to maintain and inspect building premises is not sufficient in and of itself to impose tort liability upon the promisor to noncontracting third-parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139

[2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589 [1994]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]). There are, however, three exceptions to this general rule: "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [citations omitted]; *see Abbattista v King's Grant Master Assn., Inc.*, 39 AD3d 439, 440 [2007]; *Scott v Bergstol*, 11 AD3d 526 [2004]; *Nobles v Procut Lawns Landscaping & Contr., Inc.*, 7 AD3d 768 [2004]; *Boddie v New Plan Realty Trust*, 304 AD2d 693, 694 [2003]). A property owner, or one who has displaced the owner's duty to maintain the premises safely, "may be liable for a hazardous snow or ice condition existing on the property as a result of the natural accumulation of snow or ice only upon a showing that it had actual or constructive notice of the hazardous condition and that a sufficient period of time elapsed since the cessation of the precipitation to permit the party to remedy the condition" (*Lee-Pack v 1 Beach 105 Assoc., LLC*, 29 AD3d 644, 644 [2006]; *see Fahey v Serota*, 23 AD3d 335, 336-337 [2005]; *Ronconi v Denzel Assoc.*, 20 AD3d 559, 560 [2005]; *McConologue v Summer St. Stamford Corp.*, 16 AD3d 468, 469 [2005]).

Contrary to the Supreme Court's determination, after the Johnson defendants met their prima facie burden of demonstrating that they neither created nor had notice of the alleged dangerous icy condition at the subject premises (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Lenti v Initial Cleaning Servs., Inc.*, 52 AD3d 288 [2008]; *Scott v Redl*, 43 AD3d 1031, 1033 [2007]; *Goodwin v Knolls at Stony Brook Homeowners Assn.*, 251 AD2d 451, 452 [1998]), the plaintiff raised triable issues of fact precluding an award of summary judgment in their favor (*see Buroker v Country View Estate Condominium Assn., Inc.*, 54 AD3d 795 [2008]; *Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849, 851 [2007]; *Tucciarone v Windsor Owners Corp.*, 306 AD2d 162, 162-163 [2003]; *cf. Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973 [1994]). Given, inter alia, Johnson's undisputed comprehensive and exclusive maintenance obligation over the premises and evidence of a 17-hour gap between the blizzard and the accident, triable issues of fact are presented as to whether Johnson

had constructive notice of the icy condition (*see Ellers v Horwitz Family Ltd. Partnership,* 36 AD3d at 851-852). Accordingly, that branch of the Johnson defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied (*see Buroker v Country View Estate Condominium Assn., Inc.,* 54 AD3d at 795; *Hutchinson v Medical Data Resources, Inc.,* 54 AD3d 362, 363 [2008]).

However, the Supreme Court properly determined that Snow and the Lewis defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, and the plaintiff failed to raise triable issues of fact in opposition (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Neither Snow nor the Lewis defendants assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of their snow removal contracts (*see Espinal v Melville Snow Contrs.,* 98 NY2d at 140; *Carricato v Jefferson Val. Mall Ltd. Partnership,* 299 AD2d 444 [2002]; *Trainor v Dayton Seaside Assoc. No. 3,* 282 AD2d 524, 524-525 [2001]). Their limited contractual undertakings were not comprehensive and exclusive property-maintenance obligations intended to displace Johnson's duty to safely maintain the property (*see Nobles v Procut Lawns Landscaping & Contr., Inc.,* 7 AD3d at 769; *Torella v Benderson Dev. Co.,* 307 AD2d 727, 728-729 [2003]; *Riekers v Gold Coast Plaza,* 255 AD2d 373, 374 [1998]). Nor is there any evidence that the plaintiff detrimentally relied on either Snow or the Lewis defendants' performance of their duties or that the actions of those defendants "launched a force or instrument of harm" (*Abbattista v King's Grant Master Assn., Inc.,* 39 AD3d at 440; *see Wheaton v East End Commons Assoc., LLC,* 50 AD3d 675, 677 [2008]; *Pavlovich v Wade Assoc.,* 274 AD2d 382, 383 [2000]; *Bugiada v Iko,* 274 AD2d 368, 369 [2000]). Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur.