■ STEVEN CHERNER, Appellant, v CITY OF NEW YORK, Defendant, and GRACE INDUSTRIES/EL SOL CONTRACTING & CONSTRUCTION CORPORATION, a Joint Venture, et al., Respondents. [892 NYS2d 863]—

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, a party who enters into a contract to render services may be said to have assumed a duty of care and, thus, may be potentially liable in tort to third persons where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff

detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (*id.* at 140).

Here, the respondents established, prima facie, that they owed no duty of care to the plaintiff. The contract at issue was not exclusive and comprehensive (*see Torchio v New York City Hous. Auth.*, 40 AD3d 970 [2007]; *Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562 [2006]; *Hagen v Gilman Mgt. Corp.*, 4 AD3d 330 [2004]). Additionally, there is no evidence that the plaintiff detrimentally relied upon the respondents' continued performance of their alleged contractual duties or that the respondents launched an instrument of harm (*see DeMartino v Home Depot U.S.A., Inc.*, 37 AD3d 758 [2007]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the respondents' motions for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.