■ GERRI WILSON, Respondent, v HYATT CORPORATION et al., Defendants, and HARVARD MAINTENANCE, INC., et al., Appellants. [900 NYS2d 325]—

In an action to recover damages for personal injuries, the defendants Harvard Maintenance, Inc., and Platinum Maintenance Services Corporation separately appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 20, 2009, which denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Harvard Maintenance, Inc., and Platinum Maintenance Services, Corp., for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

The plaintiff alleged that she slipped and fell on a wet door mat at the 42nd Street "arcade" entrance to the Grand Hyatt Hotel. The evidence showed that it snowed heavily on the day prior to this occurrence. The plaintiff commenced this action against Hyatt Corporation and Grand Hyatt Hotel, the hotel owners, and against two contractors who performed certain services at the hotel, Harvard Maintenance, Inc. (hereinafter Harvard), and Platinum Maintenance Services Corp. (hereinafter Platinum). Harvard and Platinum separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court denied both motions. We reverse.

A contractor's limited contractual undertaking to provide cleaning services generally does not give rise to a duty of care in tort to persons not a party to the contract, absent evidence that the contractor assumed a comprehensive and exclusive maintenance obligation, that the contractor launched a force or instrumentality of harm, or that the plaintiff detrimentally relied on the contractor's continued performance of its obligation (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 928-929 [2009]; *DeMartino v Home Depot U.S.A., Inc.*, 37 AD3d 758, 759 [2007]). Here, the plaintiff does not contend that she relied to her detriment upon Harvard's continued performance of its duties. In support of its motion for summary judgment, Harvard established, prima facie, that it did not assume a comprehensive and exclusive maintenance obligation at the premises, as it was responsible for providing only limited cleaning services, and the staff of the hotel generally was responsible for cleaning the area where the accident occurred (*see George v Marshalls of MA, Inc.*, 61 AD3d 925, 928-929 [2009]; *DeMartino v Home Depot U.S.A., Inc.*, 37 AD3d at 759; *Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562 [2006]; *Perkins v Cosmopolitan Care Corp.*, 308 AD2d 437, 439 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact.

Harvard also established, prima facie, that it did not launch a force or instrumentality of harm at the premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). The evidence showed that only one Harvard employee worked at the hotel during daylight hours, and this employee had last worked in the area

of the accident two to three hours prior to the incident, which occurred shortly after 9:00 A.M. In opposition, although the plaintiff submitted her deposition testimony that, prior to the accident, she had seen a worker cleaning a door or door handle at the arcade entrance, it is undisputed that this worker did not fit the description of Harvard's sole daytime employee at the hotel, and there was no other evidence connecting Harvard to the creation of the purported dangerous condition in the door mat. Under these circumstances, the plaintiff failed to raise a triable issue of fact as to whether Harvard assumed a duty of care toward her by virtue of its having launched a force or instrumentality of harm at the premises (*see Georgotas v Laro Maintenance Corp.*, 55 AD3d 666, 667 [2008]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677-678 [2008]; *DeMartino v Home Depot U.S.A., Inc.*, 37 AD3d at 759). Accordingly, the Supreme Court should have granted Harvard's motion for summary judgment dismissing the complaint insofar as asserted against it.

The evidence also established that Platinum owed no duty of care toward the plaintiff. The plaintiff does not contend that she relied to her detriment upon Platinum's performance of its duties. The evidence established, prima facie, that Platinum did not assume a comprehensive and exclusive maintenance obligation at the premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Lattimore v First Mineola Co.*, 60 AD3d 639, 642-643 [2009]; *Georgotas v Laro Maintenance Corp.*, 55 AD3d at 667; *Mahaney v Neuroscience Ctr.*, 28 AD3d 432, 433 [2006]). Although there was a written contract between the hotel owner and Platinum for certain maintenance services, that contract did not encompass the performance of snow removal services. According to an employee of the hotel, Platinum was called to remove snow on an as-needed basis, depending on the amount of accumulation. Employees of the hotel also performed some snow removal work on occasion. In opposition, the plaintiff failed to raise a triable issue of fact.

The evidence also established, prima facie, that Platinum did not launch a force or instrumentality of harm at the premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Platinum submitted evidence showing that its employees last worked at the hotel approximately 15 hours prior to the accident, at which time those employees performed snow removal work (*see Georgotas v Laro Maintenance Corp.*, 55 AD3d at 667; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413-414 [2007]; *Katz v Pathmark Stores, Inc.*, 19 AD3d 371, 372 [2005]; *Maldonado v Novartis Pharms. Corp.*, 18 AD3d 720, 721 [2005]; *Gaitan*

*v Regional Maintenance Corp.*, 6 AD3d 495, 496 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Although a hotel employee testified at his deposition that he saw workers removing snow at the arcade entrance in the morning of the accident, that employee's purported identification of those persons as Platinum employees was based on his conversation with a person who did not recall that conversation. Further, although that hotel employee also reported having seen wet shovels and other snow removal tools inside the arcade entrance after the accident, the plaintiff testified that she had not seen any tools or equipment in the area, apart from a bucket. The plaintiff submitted no other evidence to establish that Platinum launched a force or instrumentality of harm at the premises. Under these circumstances, the plaintiff failed to raise a triable issue of fact as to whether Platinum undertook a duty to her by its having launched a force or instrumentality of harm at the premises (*see Georgotas v Laro Maintenance Corp.*, 55 AD3d at 667; *Castro v Maple Run Condominium Assn.*, 41 AD3d at 413-414; *Katz v Pathmark Stores, Inc.*, 19 AD3d at 372; *Maldonado v Novartis Pharms. Corp.*, 18 AD3d at 721; *Gaitan v Regional Maintenance Corp.*, 6 AD3d at 496; *see also Olmedo v Port Auth. of N.Y. & N.J.*, 256 AD2d 319, 320 [1998]). Accordingly, the Supreme Court should have granted Platinum's motion for summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.