Order, Supreme Court, New York County (Shlomo Hagler, J.), entered October 18, 2012, which granted defendant New York City Housing Authority’s (NYCHA) motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendant failed to meet its prima facie burden of demonstrating that it did not create the alleged condition.
In addition, NYCHA failed to demonstrate it lacked constructive notice of the alleged condition. In order to establish its lack of constructive notice of the complained-of condition, NYCHA was required to offer specific evidence as to its activities on the day of the accident, including when the area where plaintiff fell was last inspected, which it failed to do (see Guerrero v Duane Reade, Inc., 112 AD3d 496 [1st Dept 2013]). Furthermore, plaintiff testified that the snow and ice piled upon the curb was hard and a “little bit black,” which is sufficient to infer that the condition had been there a sufficient amount of time for its employees to discover and remedy it (see Wright v Emigrant Sav. Bank, 112 AD3d 401, 401-402 [1st Dept 2013]).
The report of NYCHA’s expert meteorologist was speculative, because it failed to take into account plaintiffs testimony that the snow and ice had been on the sidewalk for approximately four days after NYCHA employees had piled it up onto the curb, and only addressed the general conditions in the vicinity rather than the origin of the specific ice and snow condition on which plaintiff alleges she fell (see Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 566 [1st Dept 2011]; Reagan v Hartsdale Tenants Corp., 27 AD3d 716, 718 [2d Dept 2006]).
Since NYCHA failed to satisfy its prima facie burden of establishing its entitlement to summary judgment, plaintiff’s opposition papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Concur— Sweeny, J.E, Andrias, Moskowitz and DeGrasse, JJ.