■ CAITILIN CARO et al., Appellants-Respondents, v SKYLINE TERRACE COOPERATIVE, INC., et al., Respondents-Appellants.—In a negligence action to recover damages for personal injuries, (1) the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Richmond County (Leone, J.), dated April 16, 1986, which, after a bifurcated jury trial, is in favor of the plaintiff Caitilin Caro in the principal sum of $12,000 and is in favor of the plaintiff Richard Caro in the principal sum of $1,200, and (2) the defendants cross-appeal from the same judgment on the ground that the jury apportioned fault in the happening of the accident at 20% to the plaintiffs, 40% to the defendant Skyline Terrace Cooperative, Inc., and 40% to the defendant Gold Management Co.

Ordered that the judgment is reversed, on the law and the facts, with costs, and a new trial is granted, limited to the issue of damages; the findings of fact as to liability are affirmed.

The plaintiff Caitilin Caro slipped and fell on a public

sidewalk abutting the property owned by the defendant Skyline Terrace Cooperative, Inc., and managed by the defendant Gold Management Co. There is evidence in the present record from which the jury could conclude that when the defendants' agent cleared the sidewalk of snow it was piled on both sides of the sidewalk, and that the patch of ice that Caitilin Caro slipped on had formed because water from the melting piles of snow formed pools on the sidewalk and froze there during the preceding night. Under the circumstances of this case, we cannot say that the plaintiffs have failed to make out a prima facie case (see, Krass v Stiles, 277 App Div 884; Zahn v City of New York, 299 NY 581).

However, during the trial on the issue of damages, the court improperly denied the plaintiffs' counsel's request to charge the jury on future pain and suffering. Evidence was introduced that Caitilin Caro would probably need a second operation to remove the medical hardware that had been placed in her ankle to fix the fractures of her ankle bones. Obviously she would endure some pain and suffering when she underwent this second operation, and the jury was improperly precluded from considering this in their award of damages (see, Feeney v Long Is. R. R. Co., 116 NY 375). In addition, the plaintiffs introduced other evidence which tended to show that Caitilin Caro would probably suffer some future discomfort from the ankle unrelated to the second operation. Hence, a new trial on damages is warranted.

We have considered the other contention raised by the defendants and find it to be without merit (see, CPLR 2002). The other contentions raised by plaintiffs are unpreserved for our review (see, CPLR 4017, 4110-b). Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.