■ FRANK P. ROCA et al., Appellants, v GASPARE GERARDI et al., Respondents. [663 NYS2d 230] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Yoswein, J.), dated June 27, 1996, which granted the motion of the defendants Gaspare Gerardi and Fannie Gerardi to set aside a jury verdict which was in favor of the plaintiffs and against them on the issue of liability, and dismissed the complaint insofar as asserted against them.

Ordered that the order and judgment is modified, on the law and the facts, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendants Gaspare Gerardi and Fannie Gerardi, and substituting therefor a provision granting a new trial on the issue of liability with respect to the defendants Gaspare Gerardi, Fannie Gerardi, and Mark Norato; as so modified, the order and judgment is affirmed, with one bill of costs to the appellants payable by the respondents appearing separately and filing separate briefs.

The plaintiffs claim that the injured plaintiff fell on ice which formed when snow piled by Mark Norato next to the door of their apartment melted and refroze. The jury absolved Mark Norato of liability, but found Gaspare Gerardi and Fannie Gerardi, the owners of the property, 90% at fault and the injured plaintiff 10% at fault in the happening of the accident.

Gaspare Gerardi and Fannie Gerardi moved to set aside the verdict on the ground that the evidence of their negligence was legally insufficient and, in any event, the verdict absolving Mark Norato of liability while finding them to be 90% at fault was against the weight of the credible evidence.

The trial court granted their motion and dismissed the complaint insofar as asserted against them, on the ground that there was no evidence that Leonard Gerardi, acting as agent for Gaspare Gerardi and Fannie Gerardi, was or should have been aware that an icy condition had formed, and further that there was no evidence that the ice came from the snow which had been piled next to the entrance to the plaintiffs' apartment. The trial court further concluded that: "even if it could be deemed that a prima facie case was presented by the plaintiffs, a new trial would have to be granted because the verdict is against the weight of credible evidence in finding the moving defendants negligent and 90% at fault and exonerating the co-defendant, Mark Norato. The plaintiffs' case depended on evidence that defendant Mark Norato had negligently placed snow and that it was this snow which caused the icy condition where plaintiff Frank Roca fell".

The Supreme Court erred in dismissing the complaint, on the ground of legal insufficiency, against the Gerardis. A jury verdict will be set aside as legally insufficient only if there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; *see, Nicastro v Park*, 113 AD2d 129, 132).

In this case, the plaintiffs were not required to prove that Leonard Gerardi had actual or constructive notice that the ice had formed: notice of a condition which caused the ice to form was sufficient (*see, Zahn v City of New York*, 299 NY 581; *Ferguson v City of New York*, 201 AD2d 422; *Caro v Skyline Terrace Coop.*, 132 AD2d 512; *Krass v Stiles*, 277 App Div 884). The jury's conclusion that the ice came from the pile of snow next to the plaintiffs' entrance was inferrable from the testimony and photographic evidence, and Leonard Gerardi had both the time and the opportunity to correct the dangerous condition (*cf., Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556; *Gonzalez v City of New York*, 168 AD2d 541). Accordingly, the finding that the Gerardis were at fault in the happening of the accident had a rational basis in the evidence presented.

However, the finding that the Gerardis were 90% at fault in the happening of the accident, while absolving the codefendant Mark Norato of all liability, warrants setting aside the verdict as against the weight of the evidence, since the testimony was that Mark Norato negligently placed the pile of snow next to the entrance of the plaintiffs' apartment, thereby creating the dangerous condition which Leonard Gerardi failed to correct

*(see, Camacho v Ezras Yisrael, Inc.,* 221 AD2d 275; *Marrero v Milevoi,* 227 AD2d 124; *Johnson v Hallam Enters.,* 208 AD2d 1110).

Accordingly, a new trial is granted on the issue of liability *(see, Pinto v Pyramid Tire,* 193 AD2d 723). Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.