■ JOAN GRAU, Appellant, v TAXTER PARK ASSOCIATES et al.,
Respondents. [724 NYS2d 497] —In an action to recover damages
for personal injuries, the plaintiff appeals from an order of the
Supreme Court, Westchester County (Colabella, J.), entered
February 3, 2000, which granted the respective motions of the
defendants Taxter Park Associates and New Rochelle Contract-
ing Corporation for summary judgment dismissing the com-
plaint insofar as asserted against them, and denied her cross
motion for partial summary judgment on the issue of liability
against the defendant New Rochelle Contracting Corporation.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff slipped and fell on a patch of ice on a curb abut-
ting premises owned by the defendant Taxter Park Associates
(hereinafter Taxter Park). She commenced this action against
Taxter Park and New Rochelle Contracting Corporation (here-
inafter NRC), which, pursuant to a written contract, performed
snow removal services at the premises. At the time of the
plaintiff's accident, a storm was in progress, and NRC had
sanded the premises some two hours earlier. The Supreme
Court granted the defendants' respective motions for summary
judgment and denied the plaintiff's cross motion for partial
summary judgment on the issue of liability against NRC. We
affirm.

There is no duty to remove snow and ice while a storm is in

progress. Liability for the failure to remove accumulated snow and ice can attach only a reasonable time after the storm has ended (*see, Tillman v DeBenedictis & Sons Bldg. Corp.,* 237 AD2d 593). Snow or ice removal actions undertaken during a storm may be actionable if performed negligently, i.e., they either create a hazardous condition or exacerbate the naturally hazardous condition created by the storm (*see, Marrone v Verona,* 237 AD2d 805). Here, the record is devoid of evidence indicating that a hazardous condition was either created or exacerbated by NRC's efforts and therefore neither Taxter Park, as the property owner, nor NRC, as a snow removal contractor, can be held liable under this theory.

In any event, because the contract between NRC and Taxter Park was not a "comprehensive and exclusive property maintenance obligation," but rather a routine snow removal contract, NRC did not owe a duty of care to the plaintiff (*Bugiada v Iko,* 274 AD2d 368; *see, Pavlovich v Wade Assocs.,* 274 AD2d 382).

In view of the foregoing, we need not reach the parties' remaining contentions. Altman, J. P., Krausman, Luciano and H. Miller, JJ., concur.