■ EDWARD A. CLAPP et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [753 NYS2d 891] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a decision of the Supreme Court, Queens County (Kitzes, J.), dated October 15, 2001, and (2), as limited by their brief, from so much of a judgment of the same court, entered

November 5, 2001, as, upon granting the motion of the defendant City of New York pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against it at the close of the plaintiffs' evidence, is in favor of the defendant City of New York and against them, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The injured plaintiff, Edward A. Clapp, alleged that he slipped and fell on a patch of ice which had formed as a result of a snowstorm several days before the date of the accident.

Viewing the evidence in the light most favorable to the plaintiffs and resolving all issues of credibility in their favor (*cf. Lipsius v White,* 91 AD2d 271, 276-277), we find that the Supreme Court properly dismissed the complaint at the close of their case insofar as asserted against the City of New York (*see Wines v City of New York,* 283 AD2d 639; *Davis v City of New York,* 255 AD2d 356; *Grillo v New York City Tr. Auth.,* 214 AD2d 648; *cf. Shivers v Price Bottom Stores,* 289 AD2d 389). The climatological data submitted by the City revealed that the temperatures on each of the four days preceding the accident never dropped below freezing. In view of this documented intervening thaw, the plaintiff failed to establish that the ice patch on which he allegedly fell was the result of the earlier snowstorm. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.