■ VINCENT LINARELLO et al., Respondents, v COLIN SERVICE SYSTEMS, INC., Defendant, and P & C SNOW REMOVAL, INC., Appellant. [817 NYS2d 660]—

In an action to recover damages for personal injuries, etc., the defendant P & C Snow Removal, Inc., appeals, as limited by its

brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered November 8, 2004, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendant P & C Snow Removal, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted, the complaint is dismissed insofar as asserted against the defendant P & C Snow Removal, Inc., and the action against the remaining defendant is severed.

The defendant P & C Snow Removal, Inc. (hereinafter P & C), established its prima facie entitlement to judgment as a matter of law by its submission of the relevant snow removal contract it entered into with Colin Service Systems, Inc. (hereinafter Colin), pursuant to which P & C obligated itself to perform all of Colin's obligations contained in a contract between Colin and Verizon, the owner of the premises where the plaintiff Vincent Linarello fell. Although the contract between Colin and Verizon obligated Colin to "provide complete snow plowing, snow removal and/or ice removal services" at Verizon's premises, it was not a comprehensive or exclusive agreement obligating Colin to maintain the entire premises. Colin, and consequently P & C, were called upon to provide snow removal services on an as-needed basis, or when the snowfall exceeded a particular depth. Hence, P & C did not displace Verizon's general duty, as an owner, to keep the premises in a safe condition, and thus P & C owed no such duty of care to the plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Grau v Taxter Park Assoc.*, 283 AD2d 551 [2001]).

Further, P & C made a prima facie showing that it did not launch a force or instrument of harm and thus create or exacerbate the dangerous condition, as alleged by the plaintiff, and the plaintiff failed to raise a triable issue of fact in opposition to that showing (*see Espinal v Melville Snow Contrs., supra* at 139; *Gaitan v Regional Maintenance Corp.*, 6 AD3d 495, 496 [2004]; *Clapp v City of New York*, 302 AD2d 347 [2003]; *Moquin v Romeo*, 301 AD2d 581 [2003]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444, 445 [2002]; *Davis v City of New York*, 255 AD2d 356, 357-358 [1998]; *DeCurtis v T.H. Assoc.*, 241 AD2d 536, 537 [1997]; *cf. Baillet v Auerbach*, 277 AD2d 335 [2000]; *Grizzaffi v Paparodero Holding Corp.*, 261 AD2d 437, 438 [1999]; *Roca v Gerardi*, 243 AD2d 616, 617 [1997]; *Caro v Skyline Terrace Coop.*, 132 AD2d 512, 513 [1987]).

Accordingly, the Supreme Court should have granted that branch of P & C's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., Miller, Spolzino and Dillon, JJ., concur.