■ JENNY DELVALLE-STONE, Appellant, v ULTIMATE SERVICE, INC., Respondent. [822 NYS2d 315]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated October 14, 2004, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant, a cleaning service retained to sweep and vacuum the floors of the retail store where the plaintiff fell, owed no duty to the plaintiff because it did not completely displace or assume the general duty of the store's owner to keep the premises in a safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Grau v Taxter Park Assoc.*, 283 AD2d 551 [2001]).

Further, the defendant made a prima facie showing that it did not launch a force or instrument of harm and thus create or exacerbate any allegedly dangerous condition, and the plaintiff failed to raise a triable issue of fact in opposition to that showing (*see Espinal v Melville Snow Contrs.*, supra at 139; *Gaitan v Regional Maintenance Corp.*, 6 AD3d 495, 496 [2004]; *Clapp v City of New York*, 302 AD2d 347 [2003]; *Moquin v Romeo*, 301 AD2d 581 [2003]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444, 445 [2002]; *Davis v City of New York*, 255 AD2d 356, 357-358 [1998]; *DeCurtis v T.H. Assoc.*, 241 AD2d 536, 537 [1997]; *cf. Baillet v Auerbach*, 277 AD2d 335 [2000]; *Grizzaffi v Paparodero Holding Corp.*, 261 AD2d 437, 438 [1999]; *Roca v Gerardi*, 243 AD2d 616, 617 [1997]; *Caro v Skyline Terrace Coop.*, 132 AD2d 512, 513 [1987]).

In light of the foregoing, it is unnecessary to reach the issue of notice.

The plaintiff's remaining contention is without merit (*see* 22 NYCRR 202.21 [d]). Crane, J.P., Spolzino, Fisher and Dillon, JJ., concur.