■ ZENONA BAEZ et al., Respondents, v JOVIN III, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF NEW YORK et al., Third-Party Defendants; MACK GLASSNAUTH IRON WORKS, INC., Third-Party Defendant-Appellant. [839 NYS2d 201]—

In an action to recover damages for personal injuries, etc., (1) the defendants-third-party plaintiffs Jovin III, LLC, and Jovin Management & Consulting, LLC, appeal from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated January 10, 2006, as denied their motion for summary judgment dismissing the complaint, and (2) the third-party defendant Mack Glassnauth Iron Works, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the

provision thereof denying that branch of the cross motion of the third-party defendant Mack Glassnauth Iron Works, Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the third-party defendant Mack Glassnauth Iron Works, Inc., and the plaintiffs payable by the defendants-third-party plaintiffs Jovin III, LLC, and Jovin Management & Consulting, LLC.

In premises liability actions alleging an injury caused by a defective condition, the plaintiff must show that the landowner either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it (*see McKeon v Town of Oyster Bay*, 292 AD2d 574, 574-575 [2002]). On their motion for summary judgment dismissing the complaint, the defendants-third-party plaintiffs Jovin III, LLC, and Jovin Management & Consulting, LLC (hereinafter collectively Jovin) established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). However, the plaintiffs raised a triable issue of fact as to whether the relevant fire escape was in a defective condition and whether Jovin created or had constructive notice of the condition (*see Solomon v Loszynski*, 21 AD3d 366, 367 [2005]). Accordingly, the Supreme Court properly denied Jovin's motion for summary judgment dismissing the complaint.

However, the Supreme Court should have granted that branch of the cross motion of the third-party defendant Mack Glassnauth Iron Works, Inc. (hereinafter Glassnauth) which was for summary judgment dismissing Jovin's third-party complaint insofar as asserted against it. Glassnauth, which had been retained to make a limited repair to a portion of the fire escape, made a prima facie showing that it did not launch a force or instrument of harm creating or exacerbating any allegedly dangerous condition, and Jovin failed to raise a triable issue of fact in opposition (*see Delvalle-Stone v Ultimate Serv., Inc.*, 33 AD3d 652 [2006]; *Mitchell v Fiorini Landscape*, 284 AD2d 313, 314 [2001]). Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.