Mark TENAY, Plaintiff–Appellant,

v.

The CULINARY TEACHERS
ASSOCIATION OF HYDE
PARK, Defendant,

The Culinary Institute of America,
Defendant–Appellee.

No. 07–0200–cv.

United States Court of Appeals,
Second Circuit.

June 4, 2008.

See also 225 F.R.D. 483.

Trisha Morris (Ira B. Grudberg, Joshua D. Lanning, on the brief), Jacobs, Grudberg, Belt, Dow & Katz, PC, New Haven, Connecticut, for Plaintiff–Appellant.

Rose M. Cotter, Eustace & Marquez, White Plains, New York, for Defendant–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Mark Tenay appeals from the judgment by the district court granting the motion for summary judgment of Defendant–Appellee the Culinary Institute of America ("Institute"). In this diversity action, Tenay alleged that, during a Skills II class taught by Institute Chef James Heywood, he was injured in a fall caused by a wet floor condition in the classroom. We assume the parties' familiarity with the remaining facts and the proceedings in the district court.

We review a grant of summary judgment *de novo*, "examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir.2003). "Summary judgment is appropriate only if it can be established 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* at 354–55 (quoting Fed.R.Civ.P. 56(c)).

Tenay argues that in granting the motion for summary judgment, the district court improperly considered whether Tenay had met his burden of demonstrating a genuine issue of material fact with respect to the elements of his prima facie case, and incorrectly concluded that summary judgment in favor of the defendant was appropriate based on Tenay's failure to offer such proof. In support of his argument, Tenay notes that, under New York law, the party seeking summary judgment bears the initial burden of proving that the plaintiff's claims lack merit. We have de-

termined under Fed.R.Civ.P. 56, however, that "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988). As the Supreme Court has observed:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This Court has noted that, "[i]n Celotex the Supreme Court made it clear that in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Brady,* 863 F.2d at 210–11.

■ The Institute made just such an argument on summary judgment, and the district court did not err in relying on Tenay's failure to adduce evidence regarding the elements of his claim in granting that motion. At trial under New York law, Tenay would bear the burden of proof on the elements of his premises liability claim. *See, e.g., Baez v. Jovin III, LLC,* 839 N.Y.S.2d 201, 202, 41 A.D.3d 751, 752 (N.Y.App.Div.2007). To succeed on a premises liability claim alleging any injury caused by a defective condition, the plaintiff must demonstrate "that the [defendant] either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." *Id.* at 202, 41 A.D.3d at 752. In this case, the record contains no evidence establishing a genuine issue of material fact with respect to causation, actual notice or constructive notice.

■ As for causation, there is no evidence that the Institute created the wet floor condition that caused Tenay's fall. Instructor Heywood testified in deposition that he was the only Institute employee in the classroom prior to the spill and that he neither caused the spill nor mopped it up. Tenay offered no evidence to place these facts in dispute. Tenay argues that the evidence he has offered does support an inference that an Institute student caused the condition by failing to mop up properly after a spill. Assuming such an inference is suggested by the evidence, there is no basis for attributing to the Institute a student's failure to clean up properly after spill such that the Institute could be considered to have created the wet floor. No evidence suggests that any of the students in the Skills II class was acting as the Institute's agent at the time of the spill and Tenay's fall. *See, e.g., Fils–Aime v. Ryder TRS, Inc.,* 837 N.Y.S.2d 199, 200, 40 A.D.3d 917, 917–18 (N.Y.App.Div.2007) (finding a genuine issue of material fact with respect to whether student was acting as university's agent while driving to obtain laboratory equipment that had been donated to the university).

■ As for whether the Institute had actual notice of the wet floor, there was no evidence in the record that contradicted Heywood's deposition testimony that he was unaware of the wet floor condition. Further, although the evidence might have created an inference that another Institute student caused the wet condition, there is no basis in the evidence upon which that student's knowledge could be attributed to either Heywood or the Institute.

■ Finally, the record fails to demonstrate that the Institute had constructive notice of the wet floor condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 838, 501 N.Y.S.2d 646, 492 N.E.2d 774, 775 (N.Y.1986). Further, "a 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall." *Piacquadio v. Recine Realty Corp.*, 84 N.Y.2d 967, 969, 622 N.Y.S.2d 493, 646 N.E.2d 795, 796 (N.Y.1994). In this case, Tenay offered neither any evidence that the wet area was visible or apparent, nor any evidence suggesting how long the condition had existed

prior to his fall. Further, Tenay's assertion that spills and clean-ups were common occurrences in the Institute's classrooms is insufficient to establish constructive notice of the specific condition that caused his fall.[1]

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

---

1. On appeal, Tenay also argues that the Institute is liable for his injuries because of its failure to "set up a system of supervision over the kitchen so as to ensure safe conditions" or its lack of proper student supervision resulted in the wet condition that caused his fall. Although Tenay did argue in the district court that there was some dispute with respect to whether the Institute had a policy regarding clean-up procedures and to what extent the students received instructions on mopping up spills, he did not argue that his fall resulted from the Institute's failure properly to supervise or instruct its students with respect to mopping. Rather, he relied on this dispute about the clean-up procedure to argue that there was a genuine issue of material fact

with respect to whether the Institute had constructive notice of the wet floor condition. Because Tenay did not raise his "adequate supervision" argument in the district court, this Court will not consider it on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

