Darbinyan v 1806 Ocean Realty, LLC (2020 NY Slip Op 04290)





Darbinyan v 1806 Ocean Realty, LLC


2020 NY Slip Op 04290


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-12886
 (Index No. 500820/16)

[*1]Parandzem Darbinyan, respondent,
v
1806 Ocean Realty, LLC, appellant.


Lester Schwab Katz & Dwyer, LLP, New York, NY (John Sandercock, Jennifer L. Kelly, and Lee Tarr of counsel), for appellant.
William Pager, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 9, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when she slipped and fell on a small bunch of grapes on the lobby floor of the defendant's residential apartment building. The plaintiff testified at her deposition that at the time of the accident, there were two children playing in the lobby and one or both of them were holding grapes. The plaintiff commenced this action against the defendant, 1806 Ocean Realty, LLC, the owner of the premises. The defendant moved for summary judgment dismissing the complaint and the Supreme Court denied the motion. The defendant appeals.
"A defendant moving for summary judgment in a slip-and-fall case has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Pagan v New York City Hous. Auth., 172 AD3d 888, 889 [internal quotation marks omitted]; see Hagan v City of New York, 166 AD3d 590, 591; Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913). " Moreover, a property owner who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition'" (Stevens v St. Charles Hosp. & Rehabilitation Ctr., 165 AD3d 729, 730, quoting Hutchinson v Medical Data Resources, Inc., 54 AD3d 362, 363 [internal quotation marks omitted]; see Pagan v New York City Hous. Auth., 172 AD3d at 889). "A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017).
Here, the evidence submitted by the defendant in support of its motion was sufficient to establish, prima facie, that it did not create the condition alleged by the plaintiff to have caused the accident, or have actual or constructive notice of its existence for a sufficient period of time to have discovered and remedied it (see Pagan v New York City Hous. Auth., 172 AD3d at 888; Hagan [*2]v City of New York, 166 AD3d at 591). The plaintiff testified that when she came downstairs to the lobby to check the mail and walked from the stairs to the mailbox she did not see any grapes on the lobby floor. This was only moments before she allegedly slipped on the grapes after she had taken two to three steps from the mailbox, subsequent to retrieving the mail. The only individuals she saw in the lobby were two children playing, at least one of whom was holding grapes.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant had actual knowledge of an ongoing and recurring dangerous condition. The plaintiff failed to show by specific factual references that the defendant had knowledge of the allegedly recurring condition involving food being dropped on the lobby floor by children who played there (see Arrufat v City of New York, 45 AD3d 710, 710; Stone v Long Is. Jewish Med. Ctr., 302 AD2d 376, 377). The plaintiff testified at her deposition that "somebody" would complain about children all the time with regard to them playing in the lobby and leaving toys on the floor, and that the superintendent would complain as well. Prior to the accident she had never complained to anyone about children playing in the lobby. Moreover, the plaintiff's testimony failed to establish that the superintendent had actual knowledge of the alleged recurring dangerous condition. The plaintiff's testimony established at most "[a] general awareness that a dangerous condition may be present [which] is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall" (Pagan v New York City Hous. Auth., 172 AD3d at 890 [internal quotation marks omitted]; see Gloria v MGM Emerald Enters., 298 AD2d 355, 356).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court