*Kirbaran v. Target Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-five.

PRESENT:    Steven J. Menashi,
            Myrna Pérez,
            Alison J. Nathan,
                *Circuit Judges.*

_____

Uma Kirbaran,

     *Plaintiff-Appellant*,

   v.                                                          No. 24-715

Target Corporation,

     *Defendant-Appellee*.

_____

*For Plaintiff-Appellant*:  MITCHELL DRANOW, Sea Cliff, New York.

*For Defendant-Appellee*:  ALICE SPITZ (Mary Dolan Roche, *on the brief*), Molod Spitz & DeSantis, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Uma Kirbaran filed a negligence claim against Target Corporation in New York state court after she slipped and fell in one of Target's stores. Target removed the action to federal district court based on diversity jurisdiction. The district court granted Target's motion for summary judgment, concluding that Kirbaran had not established a genuine issue of material fact as to whether Target created the dangerous condition or had notice of it. On appeal, Kirbaran argues that the district court erred by applying the summary judgment standard under Federal Rule of Civil Procedure 56 instead of the summary judgment standard applicable to slip-and-fall cases under New York law. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

# I

We review a district court's grant of summary judgment de novo. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). Under Rule 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For slip-and-fall cases, the movant's burden of proof at summary judgment under Rule 56 differs from the burden that would apply in a New York state court. Under New York law, "[a] defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it." *Levine v. Amverserve Ass'n*, 92 A.D.3d 728, 729 (2d Dep't 2012). Under Rule 56, however, a defendant moving for summary judgment may prevail by identifying "an absence of evidence to support the nonmoving party's case" without itself offering an affirmative prima facie showing. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

"[P]rocedural law is 'the judicial process for enforcing rights and duties recognized by substantive law,' while substantive law is 'the law that governs the rights and obligations of individuals within a given jurisdiction.'" *Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021) (quoting *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 894 (2d Cir. 2019)). When, as in this case, "state and federal law are in conflict, we … ask[] whether the federal law or rule 'regulates matters rationally capable of classification as procedure.'" *Pappas*, 915 F.3d at 894 (alteration omitted) (quoting *Shady Grove Orthopedics Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010) (plurality opinion)).

"Concerning matters covered by the Federal Rules of Civil Procedure, the characterization question is usually unproblematic: It is settled that if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law." *Gasperini*, 518 U.S. at 427 n.7. Accordingly, if Rule 56 "answers the question in dispute," then "it governs—New York's law notwithstanding—unless it exceeds statutory authorization or Congress's rulemaking power." *Shady Grove*, 559 U.S. at 398.

4

## II

Kirbaran argues that the district court erred by applying the federal summary judgment standard instead of the New York standard. We disagree. Rule 56 "answers the question in dispute"—the defendant's burden of proof when moving for summary judgment—so Rule 56 applies unless it violates the Rules Enabling Act or the Constitution. *Id.* We have already held that Rule 56 complies with the Rules Enabling Act because it "affect[s] only the process of enforcing litigants' rights and not the rights themselves." *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020) (quoting *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1357 (11th Cir. 2018)). And Kirbaran does not argue that Rule 56 violates the Constitution. The district court therefore properly applied Rule 56 in this diversity case.

In a previous diversity case involving a slip-and-fall accident, we rejected the same argument that Kirbaran raises here. We explained that under Rule 56, "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)). Because "[a]t trial under New York law, [the plaintiff] would bear the burden of proof on the elements of his premises

liability claim," *id.*, the defendant could prevail under Rule 56 by "point[ing] to an absence of evidence to support an essential element of the nonmoving party's claim," *id.* (quoting *Brady*, 863 F.2d at 210-11).

The same reasoning applies in this case. As the district court explained, "the issue of burden of proof at summary judgment is procedural in nature, and is thus governed by Federal law." *Kirbaran v. Target Corp.*, 720 F. Supp. 3d 267, 275 (S.D.N.Y. 2024). Because Kirbaran bore the burden of proof at trial, the district court properly considered whether Kirbaran "proffered evidence that create[d] a material issue of fact as to whether Target created the dangerous condition or had notice of it." *Id.* at 276.

The district court did not err by applying Rule 56. Kirbaran does not argue that the district court erred under the Rule 56 standard—only that the district court should not have applied that standard. Because we conclude otherwise, we affirm the judgment of the district court granting summary judgment in favor of Target.

\*　　\*　　\*

We have considered Kirbaran's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court