Bell v Bollenbach & House, Inc. (2025 NY Slip Op 04453)

Bell v Bollenbach & House, Inc.

2025 NY Slip Op 04453

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-10680
 (Index No. 1754/20)

[*1]Charles Bell, appellant, 
v
Bollenbach & House, Inc., et al., respondents.

Foulke Law Firm, Goshen, NY (Evan M. Foulke of counsel), for appellant.
O'Connor Redd Orlando LLP, Port Chester, NY (Peter Urreta of counsel), for respondents Bollenbach & House, Inc., and Lucky Munchkin, Inc.
M. Randolph Belkin, Latham, NY, for respondent Washingtonville Donuts, LLC.
Gallo Vitucci Klar LLP, New York, NY (Scott S. Levinson of counsel), for respondent Monteverde Landscaping, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated August 29, 2023. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Monteverde Landscaping, Inc., and Washingtonville Donuts, LLC, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them and that branch of the separate motion of the defendants Bollenbach & House, Inc., and Lucky Munchkin, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Lucky Munchkin, Inc.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
On December 7, 2019, the plaintiff allegedly sustained injuries when he slipped and fell on ice in the drive-through lane of a parking lot while delivering donuts to a Dunkin Donuts restaurant located in Washingtonville (hereinafter the premises). The defendant Bollenbach & House, Inc. (hereinafter Bollenbach), owned the premises and leased them to the defendant Lucky Munchkin, Inc. (hereinafter Lucky). Lucky subleased the premises to the defendant Washingtonville Donuts, LLC (hereinafter Washingtonville Donuts). Lucky contracted with the defendant Monteverde Lanscaping, Inc. (hereinafter Monteverde), to provide snow and ice removal services at the premises for the 2019-2020 winter season.
In 2020, the plaintiff commenced this personal injury action against the defendants. Monteverde and Washingtonville Donuts separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. Bollenbach and Lucky separately moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against Lucky. In an order dated August 29, 2023, the Supreme Court, inter alia, [*2]granted those branches of the defendants' motions. The plaintiff appeals.
With respect to Monteverde, generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, Monteverde demonstrated, prima facie, that it did not launch a force or instrument of harm and, thus, create or excerbate the allegedly dangerous condition (see Linarello v Colin Serv. Sys., Inc., 31 AD3d 396, 397). Monteverde established that any conclusion that the icy condition upon which the plaintiff fell was formed when snow piles created by its removal services melted and refroze would be based on mere speculation. In support of its motion, Monteverde submitted, among other things, transcripts of the deposition testimony of its president, the plaintiff, the manager of the premises, and the owner of the franchise, which demonstrated that there was no evidence that there were any snow piles present in the area of the accident on the date it occurred or, for that matter, on any particular date prior to the accident (see id.). Moreover, the plaintiff testified that on the night before the accident, he made a delivery to the premises and was parked in the same location, and he did not see any ice.
In opposition, the plaintiff failed to raise a triable issue of fact (see id.). The plaintiff submitted an expert affidavit of a civil engineer who opined, inter alia, that the icy condition upon which the plaintiff fell was caused by piled snow, which "likely melted, creating runoff down slope and across the paved area, which later froze under colder temperatures." As an initial matter, the expert, a civil engineer, was not qualified to render an opinion regarding the evaluation of weather data (see Leicht v City of N.Y. Dept. of Sanitation, 131 AD3d 515, 516). Moreover, the expert relied on Weather Underground records that were not submitted with his affidavit, and thus, his assertions regarding the weather conditions were inadmissible hearsay (see U.S. Bank N.A. v Zakarin, 208 AD3d 1275, 1277). Further, the expert based his conclusions on observations of conditions at the premises on a day 14 months after the accident. Thus, the expert's affidavit was conclusory and speculative, and therefore, insufficient to raise a triable issue of fact (see Werny v Roberts Plywood Co., 40 AD3d 977, 978). Accordingly, the Supreme Court properly granted that branch of Monteverde's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
With respect to Washingtonville Donuts, "[i]n general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Bristol v Biser, 230 AD3d 1098, 1099 [internal quotation marks omitted]). In moving for summary judgment in such a case, the defendant must demonstrate, prima facie, that it "neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Rothman v Fairfield Mastic, LLC, 226 AD3d 934, 935 [internal quotation marks omitted]). "A defendant has constructive notice of a condition on its premises when the condition is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected" (id. [internal quotation marks omitted]). Moreover, a defendant "who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition" (Darbinyan v 1806 Ocean Realty, LLC, 185 AD3d 1003, 1003 [internal quotation marks omitted]). "To demonstrate that it did not have constructive notice of a defective condition on its premises, a defendant must establish when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Rothman v Fairfield Mastic, LLC, 226 AD3d at 935; see Meade v New York City Hous. Auth., 189 AD3d 1390, 1391).
Here, Washingtonville Donuts established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged icy condition in the area in which the plaintiff fell, that it had not received any complaints about the alleged icy condition in the area where the plaintiff fell, that it conducted travel-path inspections at regular intervals and at closing, and that there was no indication that ice was present (see Rothman v Fairfield Mastic, LLC, 226 AD3d at 935-936; Bader v River Edge at Hastings Owners Corp., 159 AD3d 780, 781-782).
In opposition, the plaintiff failed to raise a triable issue of fact (see Rothman v Fairfield Mastic, LLC, 226 AD3d at 936). Contrary to the plaintiff's contention, any general awareness that Washintonville Donuts had with respect to an alleged recurring icy condition was insufficient to establish constructive notice of the specific icy condition that allegedly caused the plaintiff to fall (see Cruz v Rampersad, 110 AD3d 669, 670). Accordingly, the Supreme Court properly granted that branch of Washingtonville Donuts' motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
With respect to Lucky, "[i]n general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Bristol v Biser, 230 AD3d at 1099 [internal quotation marks omitted]). "Accordingly, a property owner seeking summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (id. [internal quotation marks omitted]).
Here, Bollenbach and Lucky demonstrated their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against Lucky by submitting evidence, including deposition testimony, that Lucky did not create the alleged icy condition or have actual or constructive notice of its existence (see id.; Bombino-Munroe v Church of St. Bernard, 163 AD3d 616, 617). In opposition, the plaintiff failed to raise a triable issue of fact (see Rothman v Fairfield Mastic, LLC, 226 AD3d at 936). Contrary to the plaintiff's contention, any general awareness that Lucky had with respect to an alleged recurring icy condition was insufficient to establish constructive notice of the specific icy condition that allegedly caused the plaintiff to fall (see Cruz v Rampersad, 110 AD3d at 670). Accordingly, the Supreme Court properly granted that branch of the motion of Bollenbach and Lucky which was for summary judgment dismissing the amended complaint insofar as asserted against Lucky.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court